UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATHANIEL MANN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:15-cv-00847-JMS-TAB |
| | ) | |
| WENDY KNIGHT, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Denying Petition for Writ of Habeas Corpus and Directing Entry of Final Judgment**

The petition of Nathaniel Mann for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 15-03-0019. For the reasons explained in this Entry, Mr. Mann's habeas petition must be **denied**.

**A.     Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B.     The Disciplinary Proceeding

On March 5, 2015, Internal Affairs Officer Fernell McDonald wrote a Report of Conduct charging Mr. Mann with conspiring or attempting to traffick in violation of Code A-111/113. The Report of Conduct states:

> On 01-13-2015 Aramark worker Chadwick Talley attempted to smuggle tobacco into the facility. Talley was confronted and surrendered the tobacco. Talley admitted that he was attempting to bring it into Offender Mann Nath[aniel] #994127. This investigation was completed today, March 3, 2015. The offender named in this charging document was in violation of the ADPP A111/A113 in that he conspired, attempted to conspire, aided or abetted with another to traffick contraband into the facility.

[Filing No. 9-1 at 1.]   The investigation report was issued the same day by Officer McDonald, stating as follows:

> January 13, 2015 Aramark Worker Chadwick Talley was suspected of attempting to traffic contraband into the facility. Talley was confronted as he attempted to enter the facility after lunch. Talley surrendered the tobacco and admitted he was attempting to bring the tobacco into Offender Mann, Nath[a]niel in exchange for money. Talley admitted he has done this several times in the past. Confidential informant #17 stated Mann was involved in trafficking tobacco with Talley. Mann was interviewed and denied involvement. I believe Talley to be credible as he implicated himself in the commis[s]ion of a crime. I forwarded report to Sullivan County Prosecutor for criminal charges on Talley. Investigation is complete as of today.

[Filing No. 9-2 at 1.]

Mr. Mann was notified of the charge on March 12, 2015, when he received the Screening Report.  He plead not guilty to the charge.  He stated that he did not want to call any witnesses, but that he wanted "[a]ll evidence due to this conduct report."  [Filing No. 9-3 at 1.]

A hearing was held on March 17, 2015.  Based on Mr. Mann's statement, the staff reports, and the internal affairs investigation report, the hearing officer found Mr. Mann guilty.  The

hearing officer recommended and approved sanctions, which, among other things, included a one-hundred-eighty day earned-credit-time deprivation and a credit-class demotion.

Mr. Mann appealed to Facility Head, who denied his appeal, and to the IDOC Final Reviewing Authority, who likewise denied his appeal. He then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

Mr. Mann raises several issues in his petition that can be restated as two claims: (1) he requested video evidence, witness statements, phone records, and his account records while at Wabash Valley Correctional Facility ("Wabash Valley"), but he was transferred to the Correctional Industrial Facility ("CIF") and thus not provided the requested evidence; and (2) there was insufficient evidence to conviction him of conspiracy or attempt to traffick because he was not working when the incident occurred, he was found guilty on hearsay rather than physical evidence, and Mr. Talley made contradictory statements about his involvement because Mr. Talley also said he was taking the tobacco to another inmate. The Court will address each claim in turn.

*1.     Opportunity to Present Evidence*

Due process requires that prisoners be given "an opportunity to present testimony and documentary evidence to an impartial decision-maker." *Piggie*, 344 F.3d at 677. Mr. Mann contends that he was denied evidence that he requested—specifically, video evidence, witness statements, and phone and account records—and thus was denied his right to present this evidence at the disciplinary hearing. The respondent contends that Mr. Mann's claim is unsupported by the record evidence, given that on the Screening Report he affirmatively denied he wanted to call any witnesses and he did not specifically request video evidence or phone and account records.

The record shows the following regarding Mr. Mann's request for evidence and the evidence on which the hearing officer relied in finding Mr. Mann guilty. The Screening Report reflects that Mr. Mann affirmatively stated that he did not "wish to call any witnesses." [Filing No. 9-3 at 1.] As to the other evidence he was allegedly denied, the Screening Report reveals that Mr. Mann did indeed request other evidence, but only generally. On the Screening Report, there is a box Mr. Mann checked that states, "I wish to request the following physical evidence: (Specify the evidence to be considered)." *Id.* Mr. Mann wrote underneath the box that he requests "[a]ll evidence due to this Conduct Report." *Id.* At the disciplinary hearing, Mr. Mann stated, "This [is a] bunch of bull. I never d[id] anything. I knew he was bringing it to a white sup. not me." [Filing No. 9-6 at 1.] In addition to this statement, the hearing officer was also presented with the Staff Report and the internal affairs investigation reports, and relied on the latter in finding Mr. Mann guilty.

The "first question" when evaluating a petitioner's claim that he was denied requested evidence is whether a "timely request" was made for that evidence. *Ashby v. Davis*, 82 Fed. Appx. 467, 470 (7th Cir. 2003). Given the foregoing, the Court agrees with the respondent that the record evidence does not support Mr. Mann's claim that he was denied the opportunity to present video evidence, witness statements, or the records in question because he did not make an adequate timely request for that evidence.

First, Mr. Mann explicitly disclaimed that he wanted to call any witnesses. Second, even though the Screening Report clearly states that the inmate must "[s]pecify the evidence" they are requesting, Mr. Mann did not specify that he wanted video evidence or records. The unspecified request for "[a]ll evidence due to this Conduct Report" is insufficient to alert the hearing officer or anyone else that Mr. Mann sought video evidence and phone and account records. *See Jackson*

*v. Wrigley*, 256 Fed. Appx. 812, 814 (7th Cir. 2007) (rejecting the petitioner's argument that he was denied specific evidence he requested for the disciplinary hearing because, although he checked the box stating he wished to call witnesses, "he did not list any names in the space provided").

But even if his request was sufficiently specific to entitle Mr. Mann to some evidence, he received the evidence he requested. As noted above, the Conduct Report stemmed solely from an internal affairs investigation; the Conduct Report did not stem from, nor did the hearing officer rely on, video evidence or the records now sought by Mr. Mann. Therefore, Mr. Mann's request for "[a]ll evidence due to this Conduct Report" does not encompass video evidence or other records, as no one would reasonably consider such evidence to be "due to this Conduct Report." Such a request only reasonably encompasses the evidence on which the Conduct Report was based—namely, the internal affairs investigation report. *See id.* (rejecting the petitioner's argument that he was denied evidence he requested for the disciplinary hearing because, among other reasons, he received the only evidence he "specific[ally] requested"). Mr. Mann does not argue that he was denied this.

In sum, an inmate charged with a disciplinary violation cannot fail to specifically request the evidence he wishes to present at the hearing—even though the Screening Report clearly requires the requested evidence to be specifically listed—and then after a finding of guilt, contend that he was denied specific evidence. This does not constitute a "timely request" for the specific evidence, and thus Mr. Mann was not denied due process when he was not provided this evidence. *See Ashby*, 82 Fed. Appx. at 470.

      *2.*  *Sufficiency of the Evidence*

  Mr. Mann argues that there was insufficient evidence to support the conclusion that he was guilty of engaging in conspiring or attempting to traffick because he was not working when the incident occurred, he was found guilty on hearsay rather than physical evidence, and Mr. Talley made contradictory statements about Mr. Mann's involvement because Mr. Talley also said he was taking the tobacco to a different inmate.

  In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). This standard, known as the "some evidence" standard, is lenient, "requiring only that the decision not be arbitrary or without support in the record." *Id.*; *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted).

  The lenient "some evidence" standard is clearly met in this case. The internal affairs investigation revealed that Mr. Talley was caught trafficking tobacco into the facility, and he admitted during questioning that he was bringing the tobacco with which he was caught to Mr. Mann. [Filing No. 9-2 at 1.] Moreover, a confidential informant stated that Mr. Mann was involved in trafficking tobacco with Mr. Talley. [Filing No. 9-2 at 1.]

  None of Mr. Mann's three arguments as to why there was insufficient evidence undermines this evidence. First, simply because Mr. Mann was not working at the time Mr. Talley was caught does not undermine Mr. Talley's admission that he was going to sell the tobacco at issue to Mr.

Mann. Second, contrary to Mr. Mann's contention, it is not contradictory for Mr. Talley to state he was also going to sell tobacco to another inmate. Indeed, Mr. Talley stated he had sold tobacco to Mr. Mann and that other inmate on several previous occasions. [Filing No. 11 at 1.] Third and finally, it is irrelevant that Mr. Mann was purportedly convicted on hearsay because in prison disciplinary proceedings the "evidentiary standards are looser" and the "rules of evidence do not apply." *Walker v. O'Brien*, 216 F.3d 626, 637 (7th Cir. 2000); *see Jackson v. Carlson*, 707 F.2d 943, 948 (7th Cir. 1983) (finding hearsay statements sufficient to support disciplinary charges).

In sum, the information gleaned from the internal affairs investigation report that Mr. Talley was trafficking tobacco to Mr. Mann certainly constitutes "any evidence in the record that could support the conclusion reached by the disciplinary board," which is all that is required for the Court to conclude the evidence was sufficient. *Eichwedel*, 696 F.3d at 975. Accordingly, Mr. Mann is not entitled to habeas relief on this claim.

### D.   Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. Mann to the relief he seeks. Accordingly, Mr. Mann's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: <u>September 1, 2016</u>

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

NATHANIEL MANN
994127
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

Electronically Registered Counsel